IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ACUITY, a Mutual Insurance Company, | ) ) ) |
| Plaintiff, | ) |
| vs. | ) Case No. |
| | ) |
| MIKE'S FIVE STAR TRUCK WASH, INC., and FRAZIER INDUSTRIAL COMPANY, | ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the plaintiff, ACUITY, a Mutual Insurance Company, by and through its attorney, Stephen M. Brandenburg of CAMELI & HOAG, P.C., and for its Complaint for Declaratory Judgment against the Defendants, MIKE'S FIVE STAR TRUCK WASH, INC. and FRAZIER INDUSTRIAL COMPANY, states as follows:

**Parties**

1.  Plaintiff, Acuity, a Mutual Insurance Company is a domestic insurance company organized and incorporated under the laws of the state of Wisconsin with its principal place of business located at 2800 South Taylor Drive, Sheboygan, Wisconsin.

2.  Pursuant to Wis. Code 611.01, *et al.*, a domestic insurance company is an incorporated entity and subject to Wisconsin's corporation laws, and therefore, Acuity is a citizen of the state of Wisconsin.

3.  Defendant, Mike's Five Star Truck Wash, Inc. ("Mike's"), is an Indiana corporation with its principal place of business at 602 Friend Way, Lebanon,

Indiana, and is a citizen of the state of Indiana.

4. Defendant, Frazier Industrial Company ("Frazier") is a New Jersey corporation with its principal place of business at 91 Fairview Avenue, Long Valley, New Jersey, and it is a citizen of the state of New Jersey.

## Jurisdiction and Venue

5. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 seeking a declaration regarding the construction and application of an insurance policy issued by Acuity to Mike's Five Star Truck Wash, Inc.

6. In the underlying matter captioned *Frazier Industrial Company v. Mike's Five Star Truck Wash, Inc.* pending under Cause No. 1:17-cv-407 in this Court, Frazier seeks to recover in excess of $75,000 from Mike's for allegedly damaging certain steel racking components owned by Frazier.

7. Additionally, Acuity seeks a ruling on the obligation to pay for the cost of a defense in the underlying matter for Mike's, and this cost of defense alone could potentially be in excess of $75,000.

8. Due to the amount in controversy in the underlying matter and the expected cost of defense for Mike's for said matter, the amount in controversy in this declaratory judgment action is in excess of $75,000.

9. This Court has jurisdiction over the subject matter in this action pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship between the Plaintiff and the Defendants, who are citizens of different states, and

2

the amount in controversy exceeds $75,000, exclusive of interests and costs.

10.     Venue is proper in this District under 28 U.S.C. § 1400(a) because a defendant may be found in this District.  Furthermore, or in the alternative, venue is proper in this District under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims at issue occurred in this District, and a defendant resides and does business in this District.

## The Underlying Case

11.     On February 8, 2017, Frazier filed a Complaint in the United States District Court for the Southern District of Indiana, Indianapolis Division, under cause number 1:17-CV-407, seeking damages under theories of common law negligence and bailment against Mike's Five Star Truck Wash, Inc. ("Underlying Complaint").

12.     A true and accurate copy of the Underlying Complaint is attached hereto as Exhibit A.

13.     According to the allegations of the Underlying Complaint, Mike's was hired to wash certain steel racking systems owned by Frazier at the Mike's facility in Lebanon, Indiana.

14.     According to the allegations of the Underlying Complaint, the steel racking systems were received by Mike's in good condition and while the property was in the care, custody, and control of Mike's the steel racking systems were allegedly damaged by the wash process and/or the application of certain pre-wash

solutions.

15. Under theories of negligence and bailment, Frazier seeks a judgment against Mike's for all of the alleged damages to the steel racking systems.

## The Insurance Policy

16. Acuity issued a Commercial General Liability policy of insurance under Policy No. X43034 to the named insured "Mike's Five Star Truck Wash Inc." which was effective for the policy period of 05-13-2014 through 05-13-2015 ("Policy").

17. A true and accurate copy of the Policy is attached hereto as Exhibit B.

18. The Policy was issued subject to all of the policy terms, conditions, exclusions, and limitations of monetary coverage, which are incorporated as though fully set forth herein at length.

19. Pursuant to the Commercial General Liability Coverage Form in the Policy, the Policy provides an initial grant of coverage in relevant part, as follows:

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of *bodily injury* or *property damage* to which this insurance applies. We will have the right and duty to defend the insured against any *suit* seeking those damages. However, we will have no duty to defend the insured against any *suit* seeking damages for *bodily injury* or *property damage* to which this insurance does not apply. We may at our discretion investigate any *occurrence* and settle any claim or *suit* that may result. But:
(1) The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

4

>   (2) Our right and duty to defend ends when we have used up the applicable Limit of Insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.
>
>   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

(Ex. B – Acuity Policy, CGL Form, p. 1 of 15.)

      20.    The Policy contains the following relevant and potentially applicable exclusions to coverage:

**2. Exclusions**

This insurance does not apply to:

*   *   *

> **j.  Damage to Property**
>
>   *Property damage* to:
>   (1) Property you own, rent or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;
>   (2) Premises you sell, give away or abandon, if the *property damage* arises out of any part of those premises;
>   (3) Property loaned to you;
>   (4) Personal property in the care, custody or control of the insured;
>   (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the *property damage* arises out of those operations; or
>   (6) That particular part of any property that must be restored, repaired or replaced because *your work* was incorrectly performed on it.
>
>   Paragraphs (1), (3) and (4) of this exclusion do not apply to *property damage* (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A

separate limit of insurance applies to Damage To Premises Rented To You as described in Section III - Limits Of Insurance.

Paragraph (2) of this exclusion does not apply if the premises are *your work* and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to *property damage* included in the *products-completed operations hazard.*

(Ex. B – Acuity Policy, CGL Form, p. 4 of 15.)

  21. The Policy contains the following relevant and potentially applicable definitions:

**13.** "*Occurrence*" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

**16.** "*Products-completed operations hazard*":

 **a.** Includes all *bodily injury* and *property damage* occurring away from premises you own or rent and arising out of *your product* or *your work* except:

 (1) Products that are still in your physical possession; or

 (2) Work that has not yet been completed or abandoned. However, *your work* will be deemed completed at the earliest of the following times:

  (a) When all of the work called for in your contract has been completed.
  (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
  (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

>   Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.** Does not include *bodily injury* or *property damage* arising out of:

  (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the *loading or unloading* of that vehicle by any insured;

  (2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

  (3) Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products- completed operations are subject to the General Aggregate Limit.

**17.**   "*Property damage*" means:

  **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the occurrence that caused it.

  For the purpose of this insurance, electronic data is not tangible property.

  As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, transmitted to or from computer software, including systems and applications software, hard or floppy disks, CDROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

*   *   *

**22.**   *"Your work:"*

  **a.** Means:

  (1)    Work or operations performed by you or on your behalf; and

7

    (2)       Materials, parts or equipment furnished in connection with such work or operations.

  **b.**  Includes:

    (1)       Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of *your work;* and

    (2)       The providing of or failure to provide warnings or instructions.

(Ex. B – Acuity Policy, CGL Form, p. 12-14 of 15.)

22.    The Acuity Policy contains the following relevant and potentially applicable language in the policy endorsement CG-7301(4-08):

***ACUITY* ENHANCEMENTS - GENERAL LIABILITY**       **CG-7301(4-08)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

                 *    *    *

**M.  Voluntary Property Damage**

  **1.**  With respect to the insurance provided under this coverage, paragraph 2 Exclusions of Coverage A - Bodily Injury and Property Damage Liability under Section I – Coverages is modified as followed:

    **a.**  Exclusion 2j(4) is replaced by the following:

      (4)      Personal property of others:

         (a)    Held by the insured for servicing, repair, storage or sale at premises owned, occupied or rented to the insured.

         (b)    Caused by the ownership, maintenance, use, loading or unloading of any auto, watercraft or transportation of property by any means.

    **b.**  Exclusion 2j(5) is deleted.

   2. The insurance provided by this coverage is subject to the following provisions:

      a. We will pay for *property damage* at your request even if you are not legally liable, if it is otherwise subject to this coverage.

      b. *Property damage* does not include loss of use if personal property of others is not physically injured.

      c. **Limits**

         The most we will pay for an *occurrence* under this coverage is $2,500.

         The most we will pay for the sum of all amounts paid under this coverage is an aggregate of $2,500.

         The General Aggregate Limit and Each Occurrence Limit under Section III - Limits of Insurance do not apply to the insurance provided under this coverage.

      d. **Settlement**

         If you make any repairs to damaged property, at our request, we will pay the larger of your actual cost or 75% of your usual charge for the necessary labor and materials. Any property paid for or replaced by us may become our property at our option. Any payment made under this coverage shall not be interpreted as an admission of liability by the insured or the company.

      e. **Deductible**

         Our obligation to pay for a covered loss applies only to the amount of loss in excess of $200.

      f. **Other Insurance**

         The insurance provided by this coverage is excess over any other insurance carried by the insured which applies to a loss covered by this coverage.

(Acuity Policy, Endorsement CG-7301(4-08).)

25. The cited portion of Acuity Endorsement CG-7301(4-08) creates limited "Voluntary Property Damage" coverage in the amount of $2,500 separate and apart from the "Commercial General Liability" coverage provided by the Policy.

## Coverage Dispute

26. Mike's has placed Acuity on notice of the Underlying Complaint and demanded defense and indemnification from Acuity in connection with its potential liability arising from the injuries alleged by Frazier in the Underlying Complaint.

27. The liability being asserted against Mike's in the Underlying Complaint arises solely from a claim by Frazier that Mike's caused damages to certain steel racking systems through the washing process and/or through the application of certain cleaning solutions while said personal property was in the care, custody, and control of Mike's.

28. There is no commercial general liability coverage for Mike's under the Acuity policy as the policy excludes claims for property damage to "[p]ersonal property in the care, custody or control of the insured."

29. There is no commercial general liability coverage and/or voluntary property damage coverage for Mike's under the Acuity policy as the policy excludes claims for any alleged property damage to "[t]hat particular part of any property that must be restored, repaired or replaced because *your work* was incorrectly performed on it."

30. There is no voluntary property damage coverage for Mike's under the Acuity policy as the policy excludes claims for any alleged property damage to the "Personal property of others…[h]eld by the insured for servicing, repair, storage or sale at premises owned, occupied or rented to the insured."

31. Based upon the application of the aforementioned exclusions to coverage, Acuity is not obligated to either defend or indemnify Mike's as to the claims set forth in the Underlying Complaint.

WHEREFORE, Plaintiff, ACUITY, a Mutual Insurance Company, respectfully requests this Honorable Court enter a judgment and order, declaring the rights and obligations of the parties as follows:

1. Declaring and adjudicating the rights and obligations of the parties with respect to coverage under the Policy with respect to the Underlying Complaint and other claims or demands arising from or relating to the injuries allegedly sustained by Frazier Industrial Company;

2. Declaring and adjudicating that Acuity has no duty to either defend or indemnify Mike's Five Star Truck Wash, Inc. with respect to any of the claims being made in the Underlying Complaint for any or all of the foregoing reasons;

3. Granting any such further relief that this Court deems just and equitable.

Respectfully submitted,

By: /s/ Stephen M. Brandenburg

Stephen M. Brandenburg (#28935-45)
CAMELI & HOAG, P.C.
105 W. Adams Street, Suite 1430
Chicago, Illinois 60603
Phone: (312) 726-7588
Email: sbrandenburg@camelihoaglaw.com
*Attorney for Plaintiff, ACUITY, a Mutual Insurance Company*